MICHELE BECKWITH
Acting United States Attorney
J. DOUGLAS HARMAN
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile:  (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>GABRIEL ERASMO CABRERA,<br><br>Defendant. | CASE NO. 2:25-cr-00033-JAM<br><br>**FIRST STIPULATION AND ORDER TO CONTINUE STATUS CONFERENCE AND EXCLUDE TIME**<br><br>DATE: May 15, 2025<br>TIME: 9:30 a.m.<br>COURT: Hon. Troy L. Nunley |

**STIPULATION**

Plaintiff United States of America, by and through its counsel of record, and defendant, by and through defendant's counsel of record, hereby stipulate as follows:

1. By previous order, this matter was set for status on May 15, 2025.

2. On April 21, 2025, the court issued an order reassigning this matter from Chief Judge Troy L. Nunley to Senior Judge John A. Mendez.

3. On April 22, 2025, the court issued an order vacating the previous status and instructing the parties to obtain a new date and confer with the court if necessary.

4. By this stipulation, defendant now moves to continue the status conference until **July 01, 2025, at 09:00 a.m.**, and to exclude time between May 15, 2025, and July 01, 2025, under Local Code T4.

5. The parties agree and stipulate, and request that the Court find the following:

      a)     The government has represented that the discovery associated with this case includes investigative reports and documents totaling over 1,000 pages. Discovery also included numerous photos and videos. All of this discovery has been either produced directly to counsel and/or made available for inspection and copying.

      b)     Counsel for defendant desires additional time to consult with her client, review discovery, and discuss possible resolutions with her client.

      c)     Counsel for defendant believes that failure to grant the above-requested continuance would deny him/her the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

      d)     The government does not object to the continuance.

      e)     Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

      f)     For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of May 15, 2025 to July 01, 2025, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

6.     Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

///

///

///

///

///

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

///

| | |
|---|---|
| Dated:  April 23, 2025 | MICHELE BECKWITH<br>Acting United States Attorney<br><br>/s/ J. DOUGLAS HARMAN<br>J. DOUGLAS HARMAN<br>Assistant United States Attorney |
| Dated:  April 23, 2025 | /s/ MEGAN T. HOPKINS<br>MEGAN T. HOPKINS<br>Counsel for Defendant<br>GABRIEL ERASMO<br>CABRERA |

**ORDER**

IT IS SO ORDERED.

| | |
|---|---|
| Dated: April 24, 2025 | /s/ John A. Mendez<br>THE HONORABLE JOHN A. MENDEZ<br>SENIOR UNITED STATES DISTRICT JUDGE |